UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| BETH LAVALLEE, | ) |
|  | ) 1:15-cv-1922 WTL-DML |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| MED-1 SOLUTIONS, LLC, | ) |
|  | ) |
| Defendant. | ) |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Med-1 Solutions, LLC ("Defendant"), by counsel, for its Answer to Plaintiff's Complaint for Relief pursuant to the Fair Debt Collection Practices Act ("Complaint"), states:

### INTRODUCTION

1. This is an action for statutory and actual damages, costs of the action and a reasonable attorney's fee brought by Beth Lavallee for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, by Defendants.

**ANSWER**: Defendant denies all allegations set forth in Paragraph 1 of the Complaint.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C §1692k(d), and 28 U.S.C. §§ 1331, and 1337.

**ANSWER**: Admit.

3. Plaintiff Beth Lavallee is a natural person residing in Marion County, Indiana.

**ANSWER**: Defendant admits only that Plaintiff is a natural person. Defendant at this time is without sufficient information to form a belief as to where Plaintiff resides.

4. Defendant Med-1 Solutions, LLC is a for-profit domestic limited liability company with its principal place of business in Greenwood, Indiana.

**ANSWER**: Admit.

5. At all times referenced herein, Med-1 Solutions, LLC was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

**ANSWER**: Admit.

6. On or about November 12, 2015, Plaintiff called Defendant and spoke with an employee of Defendant about a medical debt alleged to be owed by Plaintiff.

**ANSWER**: Admit.

7. During the November 12, 2015 telephone call, Plaintiff was not advised that unless she disputed the debt or any portion thereof within thirty days that Defendant would assume the debt to be valid, that if she notified Defendant in writing within the thirty-day period that the debt or any portion thereof is disputed Defendant will obtain verification of the debt and mail it to Plaintiff or that upon Plaintiff's written request within the thirty-day period Defendant will provide Plaintiff with the name and address of the original creditor if different from the current creditor.

**ANSWER**: Defendant admits that its employee did not advise Plaintiff as described in Plaintiff's Complaint Paragraph 7 and notes that such statements were not required, as Defendant had previously sent Plaintiff the required written FDCPA notices on March 20, 2015 and April 17, 2015.

8. Defendant did not send Plaintiff a letter within five days of the November 12, 2015 telephone call.

**ANSWER**:  Defendant admits that it did not send Plaintiff a letter within five days of the November 12, 2015 telephone call and notes that such letter was not required, as Defendant had previously sent Plaintiff the required written FDCPA notices on March 20, 2015 and April 17, 2015.

## DEFENDANT'S ANSWERS TO PLAINTIFF'S CLAIMS FOR RELIEF

9. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through eight above.

**ANSWER**: Defendant incorporates by reference herein its Answers and Defenses to paragraphs one through 8 of the Complaint.

10. Defendant violated the Fair Debt Collection Practices Act. These violations include, but are not limited to:

   a.   Failure to comply with 15 U.S.C. § 1692g(a) by failing to provide the information listed in 15 U.S.C. § 1692g(a)(3-5) in the November 12, 2015 telephone call or in writing within five days thereafter.

**ANSWER**: Paragraph 10 of the Complaint sets forth a legal conclusion for which a Response is not required to be made by Defendant. To the extent Defendant is required to respond to Paragraph 24 of the Complaint, Defendant denies all allegations that are inconsistent with the statute read in its entirety and as the statute would be interpreted by the Courts.

11. As a result of these violations of the Fair Debt Collection Practices Act, Defendant is liable to Plaintiff for her actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

**ANSWER**: Defendant denies the allegations of Paragraph 11 of the Complaint.

Defendant denies any remaining allegations contained in Plaintiff's Complaint not previously addressed above.

### AFFIRMATIVE DEFENSES

Defendant Med-1 Solutions, LLC, by counsel, pursuant to Rule (8) of the Federal Rules of Civil Procedure, and subject to further investigation and discovery, hereby asserts the following affirmative defenses in this matter:

1. Plaintiff's Complaint fails to state a claim against defendant upon which relief can be granted.

Pursuant to 15 U.S.C. § 1692g(a), a debt collector must send a consumer a written notice "within five days after the initial communication." Plaintiff's Complaint incorrectly assumes, however, that the November 12, 2015 communication with Defendant was the initial communication. Defendant sent Plaintiff two letters prior to the November 12 communication, on March 20, 2015 and April 17, 2015. The March 20 and April 17 letters were each the initial communication letters for those respective accounts, and the letters complied with 15 U.S.C. § 1692g(a).

2. To the extent that a violation of the Fair Debt Collection Practices Act is established, any such violation(s) was not intentional and resulted from a bona fide error not withstanding Defendant's maintenance of procedures reasonably adapted to avoid any such error.

WHEREFORE, Defendant prays that Plaintiff take noting by way of her Complaint; for costs of this action and all other proper relief.

Dated: January 22, 2016

                    Respectfully Submitted,

                    /s/ *Richard R. Huston*
                    Richard R. Huston, IN Atty # 16754-49
                    Attorney for Defendant
                    Med-1 Solutions, LLC
                    517 U.S. Highway 31 North
                    Greenwood, IN  46142
                    (317) 883-5640

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2016, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECT system which sent notification of such filing to the following:

Robert E. Duff
Indiana Consumer Law Group / The Law Office of Robert E. Duff
PO Box 7251
Fishers, IN  46037
Robert@robertdufflaw.com

                    /s/ *Richard R. Huston*
                    Richard R. Huston, IN Atty # 16754-49
                    Attorney for Defendant
                    Med-1 Solutions, LLC
                    517 U.S. Highway 31 North
                    Greenwood, IN  46142
                    (317) 883-5640