UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BETH LAVALLEE,<br><br>    Plaintiff,<br><br>v.<br><br>MED-1 SOLUTIONS, LLC,<br><br>    Defendant. | CASE NO. 1:15-cv-01922-DML-WTL |

**BRIEF IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEY'S FEES AND COSTS**

Plaintiff Beth Lavallee, by counsel, hereby submits her brief in support of her Motion for Award of Attorney Fees and Costs (Dkt. 40).

  **I. INTRODUCTION**

Plaintiff prevailed in this FDCPA litigation when the Court granted her Motion for Summary Judgment and denied Defendant's Motion for Summary Judgement. *See* Dkt. 38. Plaintiff then moved for an award of reasonable attorney fees and costs. Dkt. 40. For the following reasons, Plaintiff respectfully requests the Court award her reasonable attorney fees and costs.

  **II. DESIGNATION OF EVIDENCE**

    A. Affidavit of Robert E. Duff, filed contemporaneously herewith as Exhibit 1;

    B. Affidavit of Irwin B. Levin, filed contemporaneously herewith as Exhibit 2;

    C. Declaration of David J. Philipps, filed contemporaneously herewith as Exhibit 3;

    D. Declaration of Keith J. Keogh, filed contemporaneously herewith as Exhibit 4;

    E. Declaration of Daniel A. Edelman, filed contemporaneously herewith as Exhibit 5;

    F. The United States Consumer Law Attorney Fee Survey Report 2013-2014, filed contemporaneously herewith as Exhibit 6;

    G. Affidavit of Beth Lavallee, filed contemporaneously herewith as Exhibit 7.

## III. ARGUMENT

The determination of a reasonable attorney's fee starts with the determination of the lodestar, which is the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate. *Tolentino v. Friedman,* 46 F.3d 645, 652 (7th Cir. 1995). Plaintiff's attorney has spent, through October 22, 2017, a total of 77.0 hours representing Plaintiff in this matter. Affidavit of Robert E. Duff, ¶ 22. Plaintiff believes these hours were reasonable and necessary in diligently and professionally prosecuting this matter. *Id.,* ¶ 24. Experienced FDCPA practitioner David J. Philipps has opined that Plaintiff's counsel was efficient and the time spent by him in this case was "perfectly normal and reasonable for a matter of this type – particularly one in which summary judgment has been fully briefed." Declaration of David J. Philipps, ¶ 16. Experienced FDCPA practitioner Keith J. Keogh concluded that Plaintiff's counsel was "extremely

efficient" and that "it is a testament to Mr. Duff's skill that he spent so little time on this matter." Declaration of Keith J. Keogh, ¶ 38.

Plaintiff offered to settle this matter early on in the case for about $6,500, inclusive of attorney fees and costs, but Defendant rejected this offer. Affidavit of Robert E. Duff, ¶ 26.

Plaintiff's attorney's hourly rate is $395 per hour,[1] which is the rate he receives from paying clients[2] in non-fee-shifting consumer representations (not *de minimis,* over $60,000 mostly at the previous $350 per hour rate). Affidavit of Robert E. Duff, ¶¶ 12-16. The Seventh Circuit has stated that "[p]aying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino*, 46 F.3d at 653. Therefore, this evidence alone justifies Plaintiff's counsel's hourly rate of $395 per hour. *See, e.g., Luttrell v. Accounts Recovery Bureau, Inc.,* 2012 U.S. Dist. LEXIS 21227, *3 (S.D.Ind. January 26, 2012) ("A reasonable hourly rate for an attorney is that rate the attorney actually charges and receives in the marketplace from paying clients."). Further, it is the rate that many FDCPA defendants have paid to settle

---

[1] The rate increased from $350 per hour to $395 per hour as of January 1, 2017. Affidavit of Robert E. Duff, ¶¶ 12-13. It had been $350 per hour since January 1, 2012. *Id.* The United States Supreme Court, the Seventh Circuit and this Court have approved the use of the current hourly rate for the entirety of the time-span of the litigation to compensate a plaintiff for the delay in payment of fees (in lieu of interest) recovered pursuant to a fee-shifting statute. *See, e.g., Missouri v. Jenkins,* 491 U.S. 274, 282-284 (1989); *Mathur v. Bd. of Trs. of S. Ill. Univ.,* 317 F.3d 738, 744-745 (7th Cir. 2003); *Pierce v. Visteon Corp.,* 2014 U.S. Dist. LEXIS 31107, *13 (S.D. Ind. Mar. 11, 2014). Plaintiff therefore uses the $395 rate for all time spent by her attorney in this matter.

[2] In addition, Plaintiff Beth Lavallee agreed at the outset of this litigation to compensate Plaintiff's attorney at the rate of $350 per hour if she decided to terminate his services. Affidavit of Beth Lavallee.

3

other cases handled by Plaintiff's attorney. *Id.*, ¶¶ 17-19. In fact, a defendant last year stipulated in this Court that $350 per hour was a reasonable hourly rate for Plaintiff's attorney in an FDPCA case. *Id.*, ¶ 19.

It is also important to note that Defendant Med-1 Solutions, LLC paid Plaintiff's counsel's $350 hourly rate in two cases in 2015. Those cases, *Adam Wilson v. Med-1 Solutions, LLC*, 1:15-cv-00045-JMS-TAB, and *Matthew Z. Dial v. Med-1 Solutions, LLC and Shannon Melton*, Case No. 1:15-cv-01612-JMS-DKL, were both filed and settled in 2015 with Med-1 Solutions, LLC paying the plaintiff's full attorney fees calculated at $350 per hour. Affidavit of Robert E. Duff, ¶ 17.

Plaintiff has also submitted the sworn declarations (each executed under penalty of perjury) of four extremely experienced and qualified attorneys who regularly bring FDCPA and other consumer cases in the Southern District of Indiana and who each opine that Plaintiff's counsel's rate of $395 per hour is reasonable.[3] *See* Affidavit of Irwin Levin, ¶ 20; Declaration of David J. Philipps, ¶ 15; Declaration of Keith J. Keogh, ¶ 20; Declaration of Daniel J. Edelman, ¶ 43. Indeed, attorney Keogh believes that $395 per hour is on the low end of the range of rates charged in the Indianapolis market for an attorney of similar experience. Declaration of Keith J. Keogh, ¶ 38. In addition to being familiar with market rates in the Indianapolis area for an FDCPA practice, attorneys

---

[3] In the case of *Grubbs v. Andrews & Cox, P.C.*, Judge Lawrence last year reduced Plaintiff's counsel's hourly rate from $350 to $250 because Judge Lawrence concluded that Grubbs had failed to come forward with any relevant evidence in support of his attorney's hourly rate other than his attorney's affidavit, and the affidavit alone could not "satisfy the plaintiff's burden of establishing the market rate for that attorney's services." 2016 U.S. Dist. LEXIS 93 *4-8 (S.D.IN. July 18, 2016). Judge Lawrence instructed that this should be done either by either by submitting affidavits from experienced attorneys as to reasonable hourly rates in the market or by submitting evidence of fee awards from prior cases. *Id.* at 7. Plaintiff here has come forward with the evidence Judge Lawrence noted was lacking in *Grubbs*.

Philipps, Keogh and Edelman are all nationally recognized consumer protection attorneys and have taught nationally on the FDCPA and other consumer protection statutes. *See, e.g.,* Declaration of David J. Phillips, ¶ 3; Declaration of Keith J. Keogh, ¶ 14. Irwin Levin is a nationally-recognized class action, mass tort and commercial litigation attorney based in Indianapolis, Affidavit of Irwin Levin, ¶ 7, and is the preeminent consumer law attorney in the State of Indiana. He is familiar with the rates consumer law attorneys command in the Southern District of Indiana. *Id.*, ¶ 18.

Finally, well-established objective sources also support Plaintiff's attorney's hourly rate. Plaintiff's attorney's $395 hourly rate is well below the hourly rates that both the United States Consumer Law Attorney Fee Survey Report 2013-2014, Affidavit of Robert E. Duff, ¶ 20, and the Consumer Price Index Adjusted Laffey Matrix, Declaration of Keith J. Keogh, ¶ 39, support for an attorney with the years of experience possessed by Plaintiff's attorney.

The lodestar figure here is $30,415 (77.0 hours x $395). Plaintiffs submits the lodestar is reasonable in this case. Plaintiff incurred $1317.76 in reasonable costs. Affidavit of Robert E. Duff, ¶ 29.

## IV.   CONCLUSION

For the foregoing reasons, the lodestar figure of $30,415 is a reasonable attorney's fee in this matter. Accordingly, Plaintiff respectfully requests an award of reasonable fees in the amount of $30,415[4] and $1317.76 in costs.

---

[4] Plaintiff has incurred additional time after October 22, 2017 and will continue to incur additional time prosecuting this fee petition. Reasonable time spent recovering fees is compensable. *See Young v. Accounts Recovery Bureau, Inc.,* 2012 WL 3764014 *1 n. 3 (S.D.Ind. August 8, 2012). Accordingly, Plaintiff will supplement her request in her reply brief.

                                      Respectfully submitted,

                                      *s/ Robert E. Duff*
                                      Robert E. Duff, Atty No. 16392-06
                                      Indiana Consumer Law Group/
                                      The Law Office of Robert E. Duff
                                      P.O. Box 7251
                                      Fishers, IN 46037
                                      800-817-0461
                                      robert@robertdufflaw.com


                        <u>Certificate of Service</u>

       The undersigned counsel for Plaintiff hereby certifies that on November 6, 2017 I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which sent notification of the filing to all counsel of record.

                                        *s/ Robert E. Duff*
                                        Robert E. Duff, Atty No. 16392-06
                                      Indiana Consumer Law Group/
                                      The Law Office of Robert E. Duff
                                      P.O. Box 7251
                                      Fishers, IN 46037
                                      800-817-0461
                                      robert@robertdufflaw.com