IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BETH LAVALLEE, | ) | |
| | ) | |
| Appellee-Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:15-cv-01922-DML-WTL |
| | ) | |
| MED-1 SOLUTIONS, LLC, | ) | |
| | ) | |
| Appellant-Defendant. | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES

Comes now Defendant, Med-1 Solutions, LLC, by counsel, and pursuant to Local Rule 7-1, files its Response in Opposition to Plaintiff's Motion for Award of Attorney's Fees. (Dkt 52). In support of this Response, Defendant states:

### I. INTRODUCTION

On December 6, 2015, Plaintiff filed her Complaint against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (Dkt 1). Defendant filed its Answer on January 22, 2016. (Dkt 6). The Court ruled in Plaintiff's favor on cross-motions for summary judgment. (Dkt 38). Final judgment has been entered on that summary judgment order awarding the full statutory damages of $1,000. (Dkt 39).

On November 6, 2017, Plaintiff filed her Brief in Support of Motion for Award of Attorney's Fees ("Plaintiff's Motion"), in which she asks this Court to award her $30,415 in attorney's fees, based on an hourly rate of $395 for 77 hours expended.

1

(Dkt 52). Defendant opposes Plaintiff's Motion for the reasons set forth herein. Defendant counters that a reasonable calculation of attorney's fees in this matter is $22,500, based on an hourly rate of $300 for 75 hours expended, and asks the Court to enter an order in accordance with such amount.

**II. ARGUMENT**

The FDCPA provides for an award of "a reasonable attorney's fee" to the prevailing party. 15 U.S.C. § 1692k(a)(3). The touchstone for a district court's calculation of attorney's fees is the lodestar method, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Id.* at 748 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)). The District Court may then exercise flexibility to "adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Id.*

The party seeking the fee award bears the burden of proving the reasonableness of the fee, and general rules for calculating attorney's fee awards under fee-shifting statutes are applicable to attorney's fees awards under the FDCPA. *Id.* at 748–49. If (and only if) this burden is met, the defendant must present evidence establishing "a good reason why a lower rate is essential." *Grubbs v. Andrews & Cox, P.C.*, 2016 U.S. Dist. LEXIS 93643 at *5 (S.D. Ind. Jul. 18, 2016) (citing *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1313 (7th Cir. 1996)).

## A. Counsel's Requested Hourly Rate Is Unreasonable.

Defendant objects to Plaintiff's counsel's ("Counsel") requested hourly rate of $395. The determination of an attorney's "reasonable hourly rate" is to be based on the "market rate" for the services rendered. *Spegon v. Catholic Bishop*, 175 F.3d 544, 554 (7th Cir. 1999) (citing *People Who Care*, 90 F.3d at 1310). An attorney's "market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Id.* at 555 (citing *Bankston v. Illinois*, 60 F.3d 1249, 1255 (7th Cir. 1995)). When making its determination, the court may look to the rate charged by lawyers in the community of "reasonably comparable skill, experience, and reputation." *People Who Care*, 90 F.3d at 1310 (citing *Blum v. Stevenson*, 465 U.S. 886, 895 n.1 (1984)). As the Seventh Circuit has noted:

> Lawyers do not come from cookie cutters. Some are fast studies and others require extra preparation. Some are more nimble on their feet and apt to achieve better results at trial. Some have deeper insight and in a few hours may find ways to prevail (or to curtail costly discovery) that will elude their colleagues. Clients are willing to pay more, per hour, for these better lawyers . . . Markets recognize these truths, judges must too.

*Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993).

Counsel claims that his hourly rate increased from $350 to $395 as of January 1, 2017. (Dkt 52 at 3, n.1). No court has ever awarded him attorney fees at such a rate. Rather, a review of Counsel's previous FDCPA cases shows that courts have valued his hourly rate between $150 and $300. *See Grubbs*, 2016 U.S. Dist.

LEXIS 93643 at *8; *Gastineau*, 592 F.3d at 749; *Collins v. Bowman, Heintz, Boscia & Vician P.C.*, 2012 U.S. Dist. LEXIS 47662 at *6-7 (S.D. Ind. Mar. 8, 2012).

Most recently, in *Grubbs*, Counsel designated the following evidence in support of his hourly rate: (1) his own Affidavit; (2) a list of FDCPA cases; (3) the Declaration of Daniel A. Edelman; (4) the United States Consumer Law Attorney Fee Survey Report for 2013-2014; and (5) his timesheet. *Id.* at *5. The Court found that such evidence was insufficient to support an hourly rate of $350 and accordingly Counsel's rate to $250. *Id.* at *7-8.

Here, Counsel has designated the same evidence as in *Grubbs*, with the addition of: (1) the Affidavit of Irwin B. Levin; (2) the Declaration of David J. Philipps; (3) the Declaration of Keith J. Keogh; and (4) the Affidavit of Plaintiff, Beth Lavallee. (Dkt 52-2, 3, 4, 7). None of these are relevant to the court's determination of a reasonable hourly rate.

The Declarations of Daniel A. Edelman, David J. Philipps, and Keith J. Keogh merely offer the perspectives of practitioners from *outside* the "relevant community" of the Southern District of Indiana. (Dkt 52-3, 4, 5). In turn, the Affidavit of Irwin B. Levin simply acknowledges, at best, that an hourly rate of $395 is less than the rate regularly charged by other practitioners in FDCPA cases generally, but does not establish that such rate is appropriate for this *particular* case. (Dkt 52-2). And, conversely, the Affidavit of Plaintiff, Beth Lavallee, is self-serving and does not establish the hourly rate Counsel charges paying clients *in*

4

*general* – a rate which, as he admits, has only recently been in effect and has never been awarded in a factually analogous case. (Dkt 52-7).

Counsel's designation of the United States Consumer Law Attorney Fee Survey Report for 2013-2014 is also to no avail. (Dkt. 52-6). This Court has previously noted that "the Fee Survey is not particularized by subject matter or the ability of the attorney; instead, it averages the rates charged by all attorneys in a particular geographic area," and therefore found that "it has little probative value." *Grubbs*, 2016 U.S. Dist. LEXIS 93643 at *6.

Finally, Counsel's own affidavit does not support his requested hourly rate. "An attorney's self-serving affidavit alone cannot satisfy the plaintiff's burden of establishing the market rate for that attorney's services." *Grubbs*, 2016 U.S. Dist. LEXIS 93643 at *7 (citing *Blum*, 465 U.S. at 895 n.11).

Counsel has not satisfied his burden of showing that his proposed hourly rate is reasonable. Because Counsel has not met his burden, "this Court may make its own determination of a reasonable rate." *Pickett v. Sheridan Health Care Center*, 664 F. 3d 632, 640 (7th Cir. 2011). Defendant respectfully requests this Court to reduce Counsel's hourly rate to $300. *See Collins v. Bowman, Heintz, Boscia & Vician P.C.*, 2012 U.S. Dist. LEXIS 47662 at *6-7 (approving an hourly rate of $300 for Counsel's services).

### B. The Amount of Time Expended is Unreasonable.

Defendant also objects to certain time entries for which Counsel seeks compensation. A high hourly rate that reflects an attorney's experience and

5

expertise should be paralleled by high efficiency. *Lemieux v. Guy*, 2006 U.S. Dist. LEXIS 84421 at *6 (S.D. Ind. Nov. 20, 2006). When considering an award of attorney fees, the Court examines whether the attorney exercised proper "billing judgment," which requires "winnowing the hours actually expended down to the hours reasonably expended." *Spegon*, 175 F.3d at 552 (citing *Hensley*, 461 U.S. at 434); *Case v. United Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998)). The attorney is expected to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.*

Counsel's invoice is replete with charges that were administrative or secretarial rather than attorney time. Generally, attorney or paralegal time should not be charged for "simple administrative tasks that can easily be performed by a full-time secretary." *Spegon*, 175 F.3d at 553; *M.T. ex rel. Todd v. Accounts Recovery Bureau, Inc.*, No. 1:11-CV-969-WTL-DKL, 2012 WL 3764039, at *4 (S.D. Ind. Aug. 8, 2012) *report and recommendation adopted*, No. 1:11-CV-969-WTL-DKL, 2012 WL 3764036 (S.D. Ind. Aug. 28, 2012).

In his invoice, Counsel seeks fees at his requested attorney billing rate for the following tasks:

> 0.6 hours, in part, to draft a summons, civil cover sheet, and appearance and to file such documents;
>
> 0.9 hours, in part, to file a case management plan;
>
> 0.7 hours, in part, to file preliminary witness and exhibit lists;
>
> 0.4 hours in part, to file Plaintiff's Statement of Claims;

> 0.4 hours, in part, to file a motion for enlargement of time and proposed order thereon;
>
> 1.9 hours, in part, to prepare exhibits to Plaintiff's Motion for Summary Judgment and Designation of Evidence and to file such documents;
>
> 2.8 hours, in part, to file Plaintiff's reply brief in support of her motion for summary judgment; and
>
> 0.7 hours, in part, to file the Motion for Award of Attorney Fees and Costs and proposed order thereon.

(Dkt 52-1, ex. B). Such tasks are administrative in nature and are thus not recoverable in an award of attorney fees. The first entry, totaling 0.6 hours, should be stricken entirely, and the remaining entries should be reduced to the extent that they encompass time spent preparing exhibits and/or filing the documents with the court.

Moreover, even if this Court were to conclude that time spent filing court documents electronically is not clerical or administrative, it was unnecessary for Counsel to perform such tasks himself, and his paralegal or legal assistant should have completed them instead. Thus, even if this Court were to consider these time entries in the award of attorney fees, it should at least reduce them to a paralegal rate. *See Smith v. Altman*, 2015 U.S. Dist. LEXIS 126209 (Sept. 21, 2015) (holding that gathering and organizing exhibits are best compensated at a paralegal rate).

For the foregoing reasons, Defendant respectfully requests this Court to reduce Counsel's billing entries to a total of 75 hours.

### III.  CONCLUSION

Defendant respectfully requests this Court to reduce Plaintiff's alleged attorney's fees to $22,500, based on an hourly rate of $300 for 75 hours expended, and for all other just and proper relief.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By    /s/ *Sarah A. Hurdle*
       Nicholas W. Levi, Atty. No. 24278-53
       Sarah A. Hurdle, Atty. No. 34064-49
       KIGHTLINGER & GRAY, LLP
       One Indiana Square, Suite 300
       211 North Pennsylvania Street
       Indianapolis, Indiana  46204
       Telephone:  (317) 638-4521
       nlevi@k-glaw.com
       shurdle@k-glaw.com
       *Attorneys for Med-1 Solutions, LLC*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on December 4, 2017, the foregoing pleading was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                Robert E. Duff
                Indiana Consumer Law Group
                The Law Office of Robert E. Duff
                P. O. Box 7251
                Fishers, IN  46037

                                    */s/  Sarah A. Hurdle*
                                    Sarah A. Hurdle

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana  46204
Telephone:  317-638-4521