UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BETH LAVALLEE,<br><br>                Plaintiff,<br><br>v.<br><br>MED-1 SOLUTIONS, LLC,<br><br>                Defendant. | CASE NO. 1:15-cv-01922-DML-WTL |

## REPLY BRIEF IN SUPPORT OF
## MOTION FOR AWARD OF ATTORNEY FEES AND COSTS

Plaintiff responds as follows to the Defendant's brief in opposition to Plaintiff's motion for award of attorney fees.

### A. DEFENDANT HAS SUBMITTED NO EVIDENCE

It is important to note that, while Defendant challenges Plaintiff's counsel's hourly rate and hours expended, Defendant has come forth with no **evidence** to support its position. Defendant has therefore waived its right to challenge the hourly rate and hours expended. *Blum v. Stenson*, 465 U.S. 886, 891-892 n. 5 (1984) ("Petitioner submitted no evidence to support her claim that the hours and rates charged by respondent were unreasonable;" while Petitioner abandoned her challenge to counsel's reasonable hourly rate, Petitioner's failure to submit any evidence resulted in the waiver of her challenge to the reasonableness of the hours expended); *Eggleston v. South Bend Community Sch. Corp.*, 1996 U.S. Dist. LEXIS 11131, *14 (N.D.Ind. July 9, 1996) ("By failing to come forward with evidence substantiating his broad objections to the fee

petitions, plaintiff has waived his right to challenge the reasonableness of the hours expended or the hourly rates charged.").

### B. DEFENDANT'S ATTACKS ON PLAINTIFF'S COUNSEL'S HOURLY RATE ARE SEVERELY UNDERMINED BY DEFENDANT'S REAL WORLD ACTIONS

Defendant challenges Robert E. Duff's rate of $395 per hour as unreasonable and contends that the United States Consumer Law Attorney Fee Survey Report for 2013-2014, which shows that the average hourly rate for an attorney with Robert E. Duff's experience in consumer law is $450 per hour, Dkt. 52-6, p. 98, should not be relied upon. Dkt. 57, pp. 3-5. This is ironic. Defendant appears to be talking out of both sides of its mouth. While Defendant is telling this court that $395 per hour is excessive for Robert E. Duff bringing federal statutory claims in federal court and that the United States Consumer Law Attorney Fee Survey Report is not reliable, Defendant has been representing to the state courts **under oath** that the United States Consumer Law Attorney Fee Survey Report (a previous edition) supports a rate of $375 per hour for Francis Niper (who has five years less experience[1] than Robert E. Duff) bringing debt collection lawsuits in small claims court.

An example of such a representation being made by Attorney Niper under oath can be found at Dkt. 62-1, p. 3. The affidavit by Attorney Niper states in relevant part:

> I have expended 1hour in the action. The time expended was reasonable and necessary to prosecute this action. The hourly rate being charged is $375/hr. A rate of $375/hr. is reasonable for an attorney with comparable expertise and experience, as referenced in the United States Consumer Law Attorney Fee Survey Report 2010-2011 conducted by Ronald L. Burdge, Burdge Law Office Co. LPA.

---

[1] The Indiana Roll of Attorneys shows Francis Niper was admitted to practice on November 3, 1997. Https://courtapps.in.gov/rollofattorneys/Search/Detail/37e292f1-0db7-e011-9d34-02215e942453 (last visited 12.27.17).

2

> Accordingly, the total amount of attorney fees in this action is $375.00.

Dkt. 62-1, p. 3.

A search of cases filed from January 1, 2014 to December 27, 2017 in Lawrence Township Small Claims Court shows that Francis Niper is the attorney of record for Med-1 Solutions, LLC in 3,782 cases. Dkt. 62-1, pp. 1-2. A random sampling of those cases show that, in every case in which an Affidavit and Motion for Attorney Fees was required (e.g., default judgment or trial), Attorney Niper submitted an affidavit seeking attorney fees at the rate of $375/hr. and relying on the United States Consumer Law Attorney Fee Survey Report. *Id.,* p. 2. Copies of twenty of these affidavits, ranging from February 4, 2014 to September 6, 2017, can be found at Exhibit 1 to the Supplemental Affidavit of Robert E. Duff. Dkt. 62-1, pp. 3-22. Thus, for nearly four years (two years before this case was filed in January 2015), Defendant has been obtaining attorney fee awards in small claims collection lawsuits on a very large scale at the rate of $375 per hour for Mr. Niper while relying upon the United States Consumer Law Attorney Fee Survey Report.

Robert E. Duff has five more years' experience as an attorney than Mr. Niper, practices in a much more sophisticated court (Federal court vs. small claims) and practices in a more sophisticated and complex area of law than Mr. Niper (FDCPA vs. collections). Not only do Mr. Niper's affidavits support a rate of $395 per hour for Plaintiff's attorney here, but they support a much higher rate.

In addition to the affidavits of Mr. Niper, Defendant has also submitted affidavits for Attorney Courtney Gaber in Lawrence Township Small Claims Court. An example is attached as Exhibit 2 to the Supplemental Affidavit of Robert E. Duff. Dkt. 62-1, p. 23.

Ms. Gaber was admitted to practice in December 2004 and therefore has 12 less years of experience than Robert E. Duff. Https://courtapps.in.gov/rollofattorneys/Search/Detail/140b6423-13b7-e011-9d34-02215e942453 (last visited December 27, 2017). Yet, she also sought a rate of $375 per hour back in June 2014 based on the United States Consumer Law Attorney Fee Survey Report. Dkt. 62-1, p. 23. Finally, last year Defendant sought $300 per hour for an attorney admitted to practice for **less than one year.** Dkt. 62-1, p. 24. Attorney Christina Hanna was admitted to practice on June 23, 2015. Https://courtapps.in.gov/rollofattorneys/Search/Detail/5a2e9dc8-f94d-e311-9946-02215e942453 (last visited December 27, 2017). Her affidavit, attached as Exhibit 3 to the Supplemental Affidavit of Robert E. Duff, is dated April 27, 2016 and seeks $300 per hour based on the United States Consumer Law Attorney Fee Survey Report. Dkt. 62-1, p. 24.

Defendant has proposed to this Court that Plaintiff should be awarded attorney fees at $300 per hour. Dkt. 57, p. 8. Plaintiff's attorney has over twenty-five years of experience as a lawyer and extensive experience litigating FDCPA cases in Federal court. Yet, according to Defendant, his market rate is the same as an attorney with less than a year of experience whose primary practice is small collection cases in small claims court. Such hypocrisy is an affront to this court and should not be countenanced. The Court should award Plaintiff attorney fees at or even above the market rate of $395 per hour established by Plaintiff's evidence.

### C.  PLAINTIFF'S BEST EVIDENCE NOT EVEN MENTIONED

In federal fee-shifting cases, the Supreme Court has repeatedly stressed that attorney fees should be awarded at the market rate for services rendered. *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989). An attorney's billing rate for comparable work – a rate actually paid by clients who pay out of pocket – is the best evidence of an attorney's market rate. *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996). Plaintiff's evidence demonstrated that her attorney's market rate is $395 an hour because that is the rate that real paying clients pay him for similar work in a sufficient quantity to show a true market rate (rather than a fluke). Dkt. 52-1, pp. 3-4. The Seventh Circuit has instructed that the free market-tested rate is the presumptive rate to be used in calculating a fee award, and that the Court should not depart from this rate absent a good reason to do so:

> A judge who departs from this presumptive rate must have some reason other than the ability to identify a different average rate in the community. A judge might say, for example, that the lawyers did not display the excellence, or achieve the time savings, implied by their higher rates. A judge might conclude that the plaintiff did not need top-flight counsel in a no-brainer case.

*Gusman v. Unisys Corp.*, 986 F.2d 1146, 1151 (7th Cir. 1993).

Plaintiff's evidence here that consumers actually pay him $395 per hour out of their own pockets is unchallenged by Defendant – by either evidence or argument. Defendant does generically contend that a self-serving affidavit alone cannot satisfy the plaintiff's burden of establishing the market rate for an attorney's services, Dkt. 57, p. 5, but without coming forward with evidence to call into question Plaintiff's evidence that her counsel commands this rate in the marketplace Defendant has not given this Court any reason to depart from that rate. In any event, Plaintiff here has come forward with

5

multiple affidavits that support Robert E. Duff's affidavit in establishing the market rate for his services in this case.

### D. PLAINTIFF HEEDED THE COURT'S COUNSEL IN GRUBBS

Defendant cites to and relies heavily upon the case of *Grubbs v. Andrews & Cox, P.C.*, 2016 U.S. Dist. LEXIS 93643 (S.D. Ind. July 18, 2016). This is understandable since the Court there, as Defendant notes, found the evidence "insufficient to support an hourly rate of $350 and accordingly" reduced the rate to $250. Dkt. 57, p. 4. The reason the Court did so was because the plaintiff's evidence in that case was lacking. *Grubbs*, 2016 U.S. Dist. LEXIS 93643 at *5-7. The Court noted the plaintiff should have come forward with "affidavits from similarly experienced attorneys attesting to the rates they charge paying clients for similar work." *Id.* at *7. Plaintiff has corrected this deficiency here.

Plaintiff has come forward with the affidavits of four experienced consumer law attorneys familiar with the Indianapolis legal market who have averred that they are aware of the rates charged by similarly experienced attorneys for similar work and that $395 per hour is in line with or below the market rate. Affidavit of Irwin Levin, Dkt. 52-2, p. 5 ("$395 per hour is less than the fee regularly charged by many of the practitioners of his seasoning and experience and less than the hourly rate charged by my firm to clients who choose to pay hourly"); Declaration of David J. Philipps, Dkt. 52-3, p. 21 ("The $395 per hour rate sought for the work by Robert Duff is a reasonable rate in the Indianapolis market, as well as in the community of FDCPA practitioners, particularly considering his experience in such matters"); Declaration of Keith J. Keogh, Dkt. 52-4, p. 22 ("his rate of $395 is on the low end of rates for this type of work and is more than

reasonable"); Declaration of Daniel A. Edelman,[2] Dkt. 52-5, p. 16 ("I believe that a rate of $395 an hour for Robert E. Duff is reasonable."). Judge Pratt recently found the affidavits from Messers. Levin, Keogh and Edelman to be persuasive in determining the market rate in an FDCPA case pending in the Southern District of Indiana. *Castro v. Lloyd & McDaniel, PLC,* 2016 U.S. Dist. LEXIS 127658, *12-14 (S.D. Ind. Sep. 19, 2016).

Defendant dismisses the Declarations of Keogh, Edelman and Phillips in one sentence saying they "merely offer the perspectives of practitioners *outside* the 'relevant community' of the Southern District of Indiana." Dkt. 57, p. 4 (emphasis in original). That is not a valid criticism. While their offices may be located outside this district, each practices regularly in this district and each opined that they were familiar with the legal market in the Southern District of Indiana. *See,* Dkt. 52-3, p. 20; Dkt. 52-4, p. 21; Dkt. 52-5, p. 15. And, as noted, Judge Pratt found Keogh's and Edelman's opinions to be relevant to the Indianapolis market rate. *Castro*, 2016 U.S. Dist. LEXIS 127658 at *14 ("the three affidavits of attorneys practicing in Indiana also lend support to the conclusion that the forum market rate is being applied").

Defendant dismisses Attorney Levin's opinion because, while it establishes that $395 is a low hourly rate for someone with Robert E. Duff's experience practicing in this area of law, he does not specifically say that $395 is an appropriate rate for Robert E. Duff in this particular case. Dkt. 57, p. 4. This critique of Attorney Levin's affidavit can

---

[2] Defendant's Brief makes it seem that a declaration similar to the one submitted by Daniel A. Edelman in this case was submitted in *Grubbs*. It was not. The declaration submitted in *Grubbs* was obtained off PACER from another case and was not created in support of Robert E. Duff's fee petition, as the Edelman declaration was in this case, nor did it express any opinion related to Robert E. Duff's market rate.

7

only be described as weak. A fair reading of the affidavit as a whole shows he is saying that $395 is an appropriate, even if low, hourly rate for Mr. Duff in this case. Further, even if Defendant were correct, the criticism is not apropos. The point of Mr. Levin's affidavit is to provide evidence on Robert E. Duff's market rate for FDCPA cases in the Southern District of Indiana. Such evidence is relevant here even in the absence of an opinion as to what a reasonable hourly rate would be for Robert E. Duff in this particular case.

Unlike in *Grubbs,* Plaintiff here has met her burden of coming forth with evidence establishing the market rate for her attorney's services. Plaintiff therefore shifted the burden to Defendant to come forward with "a good reason why a lower rate is essential." *People Who Care*, 90 F.3d at 1313. Defendant has not come forward with evidence or argument to meet that burden. Plaintiff has established that $395 an hour is a reasonable hourly rate for Plaintiff's counsel in this case.

### E.  CHALLENGED TIME IS DE MINIMIS

Plaintiff requested the Court award 77 hours of time in her brief. Dkt. 52, p. 5. Defendant challenges only 2 hours and concedes 75 of the requested hours are appropriate. Dkt. 57, pp. 5-8. Plaintiff submits that the fact that Defendant is challenging so little time combined with the fact that Plaintiff prevailed 100% and was completely successful in this litigation demonstrates that her counsel warrants $395 per hour, since it shows Plaintiff's counsel's proficiency. *See, e.g., Lemieux v. Guy,* 2006 U.S. Dist. LEXIS 84421, *6 (S.D. Ind. November 20, 2006) (a high hourly rate goes hand-in-hand with efficient performance of services).

What time Defendant does challenge is as "administrative in nature." Dkt. 57, p. 7. But this Court has held that filing documents with CM/ECF is <u>not</u> an administrative task. *See Hull v. Owen Cty. State Bank*, 2014 U.S. Dist. LEXIS 43812, *7, 12 (S.D. Ind. Mar. 14, 2014) ("filing documents with CM/ECF is not a clerical task"). The same goes for drafting a summons and by analogy preparing exhibits to be filed. *Id.,* *7.

### F.  DEFENDANT DOES NOT CHALLENGE PLAINTIFF'S COSTS

Plaintiff sought $1,317.76 in reasonable costs in her opening brief. Dkt. 52, p. 5. Defendant has not challenged the requested costs. Dkt. 57.

### G.  SUPPLEMENTAL REQUEST FOR FEES

Counsel for Plaintiff ordinarily supplements his original affidavit with a supplemental affidavit concerning the additional fees incurred briefing the motion for attorney fees, since fees incurred seeking fees are recoverable. *Trs. of the Chicago Plastering Inst. Pension Trust v. Cork Plastering, Inc.*, 2008 U.S. Dist. LEXIS 21384, 2008 WL 728897, at *6 (N.D. Ill. Mar. 18, 2008); *see also Catalan v. RBC Mortg. Co.*, 2009 U.S. Dist. LEXIS 84339, 2009 WL 2986122, at *11 (N.D. Ill. Sept. 16, 2009). Because this case is on appeal and if Plaintiff prevails on appeal a supplemental fee petition for appellate attorney fees will be necessary, there is no need to supplement the request for attorney fees now. Fees sought for briefing the fee petition may be sought at that time.

### H.  CONCLUSION

Plaintiff's evidence establishes $395 per hour as Robert E. Duff's market rate. Defendant has not challenged Plaintiff's evidence, and for the reasons stated above Defendant's arguments do not impugn the $395 per hour market rate. The affidavits

9

Defendant has been submitting to the Lawrence Township Small Claims Court for nearly four years actually support a rate for Plaintiff's attorney of much higher than $395. Plaintiff therefore requests an award of attorney fees at a rate of at least $395 per hour,[3] higher if the Court deems it appropriate under the circumstances of this case, plus an award of costs of $1,317.76.

Respectfully submitted,

 *s/ Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw.com

Certificate of Service

The undersigned counsel for Plaintiff hereby certifies that on December 27, 2017 I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, which sent notification of the filing to all counsel of record.

 *s/ Robert E. Duff*
Robert E. Duff, Atty No. 16392-06
Indiana Consumer Law Group/
The Law Office of Robert E. Duff
P.O. Box 7251
Fishers, IN 46037
800-817-0461
robert@robertdufflaw

---

[3] Plaintiff sought compensation for 77 hours and Defendant argues for 75. Plaintiff defers to the Court's determination on the appropriate number of hours, but requests that the Court's order explicitly note that the award is only through September 30, 2017, which is the cutoff for the time Plaintiff included in her original motion. *See* Dkt. 52-1, p. 19. For the reasons discussed above, Plaintiff has not included a supplemental affidavit seeking the time spent on her fee petition subsequent to September 30, 2017, but requests that the record be clear that this is compensable time if Plaintiff prevails on appeal.